# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>BERNARDO DELEON-TORRES,<br>　　　　　　　　　　Defendant. | Case No. 10cr3751 BTM<br><br>**ORDER DENYING AMENDED MOTION TO DISMISS INDICTMENT DUE TO INVALID DEPORTATION** |

Defendant Bernardo Deleon-Torres ("Defendant") moves to dismiss the Indictment against him on the ground that his 2007 deportation was invalid. For the reasons discussed below, Defendant's motion to dismiss the Indictment is **DENIED**.

## I. BACKGROUND

On September 22, 2010, a federal grand jury returned an Indictment charging Defendant with being a Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326.

Defendant was previously deported in 2007. The Notice to Appear for the 2007 removal proceedings charged that Defendant was subject to removal pursuant to: (1) INA § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at anytime or place other than as designated by the Attorney General; and (2) INA § 212(a)(2)(A)(i)(II), as an alien who has been convicted of,

or who admits having committed, or admits committing acts which constitute the essential elements of, a violation or a conspiracy or attempt to violate any law or regulation of a state, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substance Act, 21 U.S.C. 802). (Gov't Ex. 1.) In an order dated March 29, 2007, the Immigration Judge ("IJ") found Defendant subject to removal on the charges in the Notice to Appear. (Gov't Ex. 2.)

Defendant has a significant criminal record. In 2001, Defendant was convicted of child abuse in violation of Cal. Penal Code § 273a(a) and selling/furnishing a controlled narcotic substance in violation of Cal. Health & Safety Code § 11352(a). Defendant was sentenced to a four-year term of imprisonment. (Gov't Ex. 7.) In 2003, Defendant was convicted of inflicting corporal injury on a spouse/cohabitant in violation of Cal. Penal Code § 273.5(a), and was sentenced to two years in state prison. (Gov't Ex. 6.) In 2006, Defendant was convicted of receiving stolen property in violation of Cal. Penal Code § 496(a), and was sentenced to one year and four months in state prison. ( Gov't Ex. 5.) In 2009, Defendant was convicted of possession of a controlled substance for sale in violation of Cal. Health & Safety Code § 11378(a), and was sentenced to 36 months in prison. (Gov't Ex. 8.)

## II. DISCUSSION

In his Amended Motion to Dismiss Indictment, Defendant Bernardo Deleon-Torres ("Defendant") contends that his 2007 deportation was invalid because the IJ failed to inform him of his eligibility for adjustment of status and a waiver under § 212(h). As discussed below, the Court finds that Defendant did not have a plausible claim for adjustment of status or a § 212(h) waiver and therefore did not suffer any prejudice as a result of the IJ's failure to inform him of such relief.

A. <u>1326(d) Collateral Attack</u>

To sustain a collateral attack under 8 U.S.C. § 1326(d), a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal

order; (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. United States v. Ubaldo-Figueroa, 364 F.3d 1047, 1048 (9th Cir. 2004). An underlying deportation order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. Id. When the alleged defect in the deportation proceedings consists of the IJ's failure to inform the defendant regarding his possible eligibility for relief from deportation, in order to establish prejudice, the defendant must only show that he had a plausible ground for relief from deportation. United States v. Arce-Hernandez, 163 F.3d 559, 563 (9th Cir. 1998).

An alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order. United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000). However, the exhaustion requirement of 8 U.S.C. 1326(d) "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." United States v. Muro-Inclan, 249 F.3d 1180, 1183 (9th Cir. 2001). "[A] waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise the alien of this possibility and give him the opportunity to develop the issue." Id. at 1182 (internal quotation marks omitted).

B.  Eligibility for Relief

    1.  212(h) Waiver

Section 212(h) allows the Attorney General, in his discretion to waive the following five bases of inadmissability: (1) 8 U.S.C. § 1182(a)(2)(A)(i)(I) - a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; (2) 8 U.S.C. § 1182(a)(2)(B) - conviction of 2 or more offenses (other than purely political offenses) for which the aggregate sentences to confinement were 5 years or more; (3) 8 U.S.C. § 1182(a)(2)(D) - coming to the United States solely, principally, or incidentally to

engage in prostitution, or engaging in prostitution within 10 years of the date of application for a visa, admission, or adjustment of status, or procuring or attempting to procure or to import prostitutes or persons for the purpose of prostitution, or receiving the proceeds of prostitution, or coming to the United States to engage in any other unlawful commercialized vice (whether or not related to prostitution); (4) 8 U.S.C. § 1182(a)(2)(E) - certain aliens who have committed a serious criminal offense in the United States and exercised immunity from criminal jurisdiction; and (5) 8 U.S.C. § 1182(a)(2)(A)(i)(II) - a single offense of simple possession of 30 grams or less of marijuana.  8 U.S.C. § 1182(h).

Defendant was found removable under (1) 8 U.S.C. § 1182(a)(6)(A)(i), for being an alien in the United States without admission or parole; and (2) 8 U.S.C. § 1182(a)(2)(A)(i)(II), for being an alien who has been convicted of, or who admits having committed, or admits committing acts which constitute the essential elements of, a violation or a conspiracy or attempt to violate any law or regulation of a state, the United States, or a foreign country relating to a controlled substance.  The Notice to Appear alleges that on August 27, 2001, Defendant was convicted for the offense of Sell/Furnish Heroin in violation of Cal. Health & Safety Code § 11352(a).  At the hearing, Defendant admitted that he was convicted on August 27, 2001, for selling or furnishing heroin, and was sentenced to confinement for a period of 4 years.  (Amended Motion to Dismiss Indictment at 4:7-11.)

Section 212(h) does not provide relief for either of the grounds for Defendant's removal.  Therefore, Defendant would not have qualified for § 212(h) relief and was not prejudiced by the IJ's failure to inform him of such relief.  See United States v. Ramos, 623 F.3d 672, 684 (9th Cir. 2010) (holding that Ramos was ineligible for 212(h) relief because 212(h) does not provide relief for aliens removed for illegal presence in the United States without admission or parole in violation of 8 U.S.C. § 1182(a)(6)(A)(i)).

2. Adjustment of Status

The Attorney General may, in his discretion, adjust the status of an alien who was inspected and admitted or paroled in the United States to that of an alien lawfully admitted

for permanent residence if (1) the alien makes an application for such adjustment; (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) an immigrant visa is immediately available to him at the time his application was filed. 8 U.S.C. § 1255(a).

The first obstacle to Defendant obtaining adjustment of status is that he was not inspected, admitted, or paroled into the United States. Under 8 U.S.C. § 1225(i), certain aliens physically present in the United States are eligible for adjustment of status even though they entered the United States without inspection. Section 1225(i) expired on April 20, 2001, and its benefits are now available only to aliens who qualify as having been "grandfathered" into the provision. A "grandfathered" alien is one who is the beneficiary of:

> (A) A petition for classification under section 204 of the Act which was properly filed with the Attorney General on or before April 30, 2001, and which was approvable when filed; or
>
> (B) An application for labor certification under section 212(a)(5)(A) of the Act that was properly filed pursuant to the regulations of the Secretary of Labor on or before April 30, 2001, and which was approvable when filed.

8 C.F.R. § 245.10(a)(1)(i).

There is no evidence that a petition for classification (Form I-130, I-140, I-360, or I-526) or an application for labor certification was properly filed on Defendant's behalf on or before April 30, 2001. According to Defendant, Defendant's A-file includes an I-817 form that was filed approximately August 9, 1993. A Form I-817 is an application for Family Unity Benefits, which includes protection from deportation and authorization to work in the United States for a two-year period of time, subject to extension, while the beneficiary adjusts to LPR status. Garcia-Quintero v. Gonzales, 455 F.3d 1006, 1009-10 (9th Cir. 2006). There is no legal authority for the proposition that a Form I-817 qualifies as an application for labor certification within the meaning of 8 U.S.C. § 1225(i) and 8 C.F.R. § 245.10(a)(1)(i).

Even assuming that Defendant was grandfathered into § 1225(i), Defendant would still be ineligible for adjustment of status because he is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II), for selling/furnishing heroin. Section 1225(i) does not act as a general waiver of grounds of inadmissibility. See Ira J. Kurzban, Immigration Law Sourcebook 943

(12th ed. 2010).[1]

In <u>Esquivel-Garcia v. Holder</u>, 593 F.3d 1025 (9th Cir. 2010), the Ninth Circuit explained that although the petitioner was grandfathered into § 1225(i), he was not eligible for an adjustment of status because the government had proof that the petitioner pled guilty to possession of a narcotic controlled substance, and the petitioner admitted to the IJ that the substance was heroin.  Thus, the petitioner was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  As in <u>Esquivel-Garcia</u>, even if Defendant was grandfathered into § 1225(i), he would be ineligible for adjustment of status because he is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

3. <u>Voluntary Departure</u>

In Defendant's original motion to dismiss the Indictment, Defendant argued that he was eligible for voluntary departure.  In Defendant's amended motion, Defendant makes no claim of eligibility for voluntary departure.  Because it is unclear whether Defendant has abandoned his argument regarding voluntary departure, the Court will briefly address the argument.

Voluntary departure is unavailable to aliens who have been convicted of an "aggravated felony."  8 U.S.C. § 1229c(a)(1), (b)(1)(C).  Defendant has at least three "aggravated felony" convictions: (1) the 2001 conviction for selling/furnishing a controlled narcotic substance (Cal. Health & Safety Code § 11352(a)) (under the modified categorical approach, the Court takes notice of Defendant's Plea in which Defendant admitted that he unlawfully sold heroin in excess of 14.25 grams (Gov't Ex. 7)); (2) the 2006 conviction for receipt of stolen property (Cal. Penal Code § 496(a)), for which Defendant was sentenced

---

[1]  The only ground of admissibility that is "waived" by § 1225(i) is 8 U.S.C. § 1182(a)(6)(A)(i). <u>See</u> Legal Opinion, Martin, General Counsel, INS, CO 245(i), CO 212(a)(6)(A) (Feb. 19, 1997), <u>reprinted in</u> 74 No. 11 <u>Interpreter Releases</u> 499, 516-22 (March 24, 1997) (explaining that under § 1225(i)(1)(A), persons who are physically present in this country who entered without inspection are permitted to apply for adjustment of status and that "[t]o deem such illegal entrants 'inadmissible' would render section 245(i)(1)(A) of the Act, which entitles all illegal entrants to file adjustment applications, largely superfluous . . . .").

to 16 months in prison, see Verdugo-Gonzalez v. Holder, 581 F.3d 1059, 1061 (9th Cir. 2009) (holding that the "full range of conduct proscribed by California Penal Code section 496(a) falls within the generic definition of a theft offense"); and (3) the 2003 conviction for corporal injury to spouse/cohabitant (Cal. Penal Code § 273.5(a)), for which Defendant was sentenced to 2 years in prison, see Banuelos v. Holder, 611 F.3d 1080 (9th Cir. 2010) (holding that a conviction under Cal. Penal Code § 273.5(a) is a categorical crime of violence under 18 U.S.C. § 16(a)).

To the extent Defendant argues that this Court, in determining Defendant's eligibility for relief, can consider only aggravated felonies charged in the Notice to Appear or identified by the IJ, Defendant is mistaken. In United States v. Gonzalez-Valerio, 342 F.3d 1051 (9th Cir. 2003), the Ninth Circuit explained that the district court could rely on convictions that did not form the basis of the removal order in determining whether the defendant was eligible for § 212(c) relief.

As a result of Defendant's aggravated felony convictions, Defendant was not eligible for voluntary departure.

### III. CONCLUSION

Defendant has not established a plausible claim for relief for adjustment of status, § 212(h) waiver, or voluntary departure. Therefore, Defendant was not prejudiced by any failure of the IJ to inform Defendant of such relief, and Defendant's motion to dismiss the Indictment is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 10, 2011

Honorable Barry Ted Moskowitz
United States District Judge